**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOLENE R. H.,[1]

Plaintiff, 6:25-cv-1142 (BKS/DJS)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street
Suite 210
Syracuse, NY 13202

*For Defendant:*
Vernon Norwood
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Jolene R. H. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Daniel J. Stewart for a Report-Recommendation. (Dkt. Nos. 4, 5); N.D.N.Y. L.R. 72.3(e). On August 17, 2026, after reviewing

---

[1] In accordance with the local practice of this Court, Plaintiff's name has been abbreviated to protect her privacy.

the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 8, 13, 19, 20), Magistrate Judge Stewart issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff timely filed objections to the Report-Recommendation and the Commissioner has not responded. (Dkt. No. 22). For the following reasons, the Court adopts the Report-Recommendation in its entirety and upholds the decision of the Commissioner.

## II. LEGAL STANDARD

### A. Standard of Review

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

### B. Eligibility Standard

The Social Security Administration provides disability benefits, Social Security Disability Insurance, and Supplemental Security Income, to claimants the Commissioner has

[2] The Court cites the Bates numbering in the Administrative Record, (Dkt. No. 8), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

found eligible. *Rubin v. O'Malley*, 116 F.4th 145, 147 (2d Cir. 2024) (citing 42 U.S.C. §§ 401–434). The Commissioner has established a five-step process to determine an individual's eligibility. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). First, the Commissioner asks whether the claimant is currently "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If yes, the claimant is not disabled. *Id.* If not, the Commissioner proceeds to step two to consider the medical severity of the claimant's impairment(s). *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, the Commissioner assesses whether any of the claimant's impairments meet one of the impairments listed in the appendix. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has a listed impairment, and satisfies the duration requirement, the Commissioner will find the claimant disabled. *Id.* If not, the Commissioner proceeds to step four to consider the claimant's residual functional capacity (RFC) and past relevant work to determine if the claimant can still perform her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

An RFC is "the most you can still do despite your limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant cannot continue her past relevant work based on her RFC, the Commissioner proceeds to step five. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At step five, the claimant's RFC is used to assess whether she can "adjust to any other work that exists in the national economy." *Id.* §§ 404.1545(a)(1), 416.945(a)(5)(i)–(ii). If the claimant cannot perform any alternative work, the Commissioner will find that the claimant is disabled. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

### A. Report-Recommendation

The parties have not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 22). The Court therefore adopts Magistrate Judge

Stewart's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Stewart addressed Plaintiff's two principal arguments: (1) that the ALJ failed to provide a proper explanation for her RFC finding that Plaintiff was able to perform simple, routine, and repetitive tasks; and (2) that the ALJ failed to resolve a conflict between the mental limitations in Plaintiff's RFC and the reasoning level required by the occupations the vocational expert (VE) testified Plaintiff could perform. (Dkt. No. 21, at 4–5). First, Magistrate Judge Stewart found that Plaintiff "identified no limitation that 'short tasks' would impose that is not addressed by the ALJ's RFC," and that the ALJ's RFC was supported by substantial evidence. (*Id.* at 6–7). Second, Magistrate Judge Stewart found that there was no conflict between the VE's testimony and Plaintiff's RFC because "courts throughout the circuit have found that a[n] RFC limitation to 'simple, routine and repetitive' [tasks] does not preclude work at reasoning level two." (*Id.* at 8 (citing *Edwards v. Astrue*, No. 07-cv-898, 2014 WL 3701776, at *15, 2010 U.S. Dist. LEXIS 96830, at *45–47 (N.D.N.Y. Sept. 15, 2010)). Magistrate Judge Stewart therefore recommended that Plaintiff's Motion for Judgment on the Pleadings be denied, and the decision of the Commissioner be affirmed. (*Id.* at 9). Because Plaintiff's objections are largely the same as the two issues before Magistrate Judge Stewart, the Court summarizes Magistrate Judge Stewart's reasoning as necessary below.

**B. Plaintiff's Objections**

Plaintiff objects to Magistrate Judge Stewart's findings that (1) the omission of the word "short" from the RFC finding that Plaintiff could perform simple, routine, and repetitive tasks

was immaterial, (Dkt. No. 22, at 1); and (2) the VE's testimony did not conflict with the RFC, (*id.* at 3).

### 1. Omission of the Word "Short" in the RFC Finding

In the Report-Recommendation, Magistrate Judge Stewart addressed Plaintiff's primary argument that the ALJ's RFC finding that she was able to perform "simple, routine, and repetitive tasks" was not supported by substantial evidence. (Dkt. No. 21, at 5). Magistrate Judge Stewart explained that Plaintiff's argument "relie[d] heavily on the fact that" the ALJ's decision references a limitation to "short and simple tasks," although "the RFC does not actually contain such a finding." (*Id.*). The ALJ's RFC finding, as relevant here, was that Plaintiff "can perform simple, routine and repetitive tasks and sustain concentration, persistence or pace for two hour segments." (R. 18).

However, the ALJ's decision elsewhere appears to place a durational limit on the tasks Plaintiff can perform, stating: "[t]here is no evidence to show significant limits with her ability to understand and follow at least *short* and simple tasks"; "the RFC has the finding for performing *short* and simple tasks"; and "that there are no findings for loss of cognitive ability such that the claimant could not perform at least *short* and simple tasks," (R. 17, 19 (emphasis added)). Plaintiff argued that the omission of the word short from the RFC was "[p]roblematic[]" because the ALJ also omitted "short" from the hypothetical presented to the VE at the hearing." (Dkt. No. 13, at 11). Magistrate Judge Stewart found that the omission of the word "short" was "merely semantical," and concluded that "short and simple tasks" are not materially different from "simple, routine, and repetitive tasks." (Dkt. No. 21, at 5 (quoting *Schickel v. Colvin*, No. 14-cv-5763, 2015 WL 8481964, at *10, 2015 U.S. Dist. LEXIS 165463, at *34 (N.D. Ill. Dec. 10, 2015) (Finnegan, Mag. J.) (internal quotation marks omitted))).

Plaintiff objects to Magistrate Judge Stewart's conclusion that the omission of the word "short" is immaterial. (Dkt. No. 22, at 1). Plaintiff argues that the difference is material because "simple, routine, and repetitive tasks" require a higher level of reasoning than "short" and simple tasks, and that the ALJ's conclusion at step five that Plaintiff is able to perform work requiring reasoning level two was inconsistent with the finding that Plaintiff is limited to "short" tasks. (Dkt. No. 22, at 2). In support of her objection, Plaintiff relies on the definition of reasoning level two, which includes an ability to apply "detailed" instructions. (*Id.*; *see also* Dkt. No. 13, at 10–11 (citing Appendix C, Dictionary of Occupational Titles (4th ed. rev. 1991))).

However, as Magistrate Judge Stewart explained in the Report-Recommendation, the reasoning level two definition contains no durational limit and is therefore consistent with both an ability to perform "short and simple," as well as "simple, routine, and repetitive" tasks. (*See* Dkt. No. 21, at 6). The Court agrees.

In full, reasoning level two is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and/or to "[d]eal with problems involving a few concrete variables in or from standardized situations." Appendix C, Dictionary of Occupational Titles (4th ed. rev. 1991). Reasoning level one, on the other hand, is the ability to "carry out simple one- or two-step instructions. *Id.* Apart from the word "detailed"—which is immediately modified by the phrase "but uninvolved"—the reasoning level two definition nowhere contradicts a limitation to "simple" tasks. In fact, the definition references an ability to perform tasks involving "commonsense" or "a few concrete variables" in "standardized situations"—in other words, simple tasks. *Id.*

To be sure, courts have found that an RFC limited to understanding "short and simple *instructions*" may conflict with reasoning level two. *See Windley v. Comm'r of Soc. Sec.*, No. 20-

cv-0361, 2022 WL 17824051, at *10, 2022 U.S. Dist. LEXIS 228879, at *30–31 (E.D.N.Y. Dec. 19, 2022) (finding an RFC limitation to "simple, repetitive tasks *with no more than one- or two-step instructions*" is "distinguishable" from a limitation to simple tasks, which did not conflict with "reasoning levels two or three") (emphasis added); *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019) (holding "there is an 'apparent conflict' between a limitation to 'short, simple *instructions*' (as found in [the plaintiff's] RFC) and a need to carry out 'detailed but uninvolved . . . *instructions*' (as found in jobs requiring Level 2 reasoning)") (emphasis added).

But, here, the ALJ nowhere determined that Plaintiff is limited to short and simple *instructions*. The ALJ found that Plaintiff is limited to performing "simple, routine, and repetitive" and/or "short and simple *tasks*"—which does not conflict with an ability to apply "detailed but uninvolved" instructions. In fact, courts in this Circuit have found that even "a reasoning level of three is not inconsistent with 'simple' work." *Martinez v. Comm'r of Soc. Sec.*, No. 15-cv-3649, 2017 WL 1155778, at *17, 2017 U.S. Dist. LEXIS 44422, at *53 (E.D.N.Y. Mar. 17, 2017); *see also Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 408–09 (D. Conn. 2012), ("[L]evel 3 reasoning is not inconsistent with the ability to perform only simple tasks."), *aff'd*, 515 F. App'x 32 (2d Cir. 2013) (summary order); *Christopher S. v. Comm'r of Soc. Sec.*, No. 23-cv-0356, 2025 WL 262236, at *4, 2025 U.S. Dist. LEXIS 11195, at *36–37 (D. Vt. Jan. 22, 2025) (Doyle, Mag. J.) ("[T]he limitation to performing only 'simple' tasks, in contrast to the limitation to performing only one- to two-step tasks, does not conflict with a reasoning level of two.").

Plaintiff further objects that, because the ALJ did not include the word "short" in the hypothetical questions presented to the VE, "there is not substantial evidence supporting the

denial."[3] (Dkt. No. 22, at 2 (citing *Karabinas v. Colvin*, 16 F. Supp. 3d 206, 220 (W.D.N.Y. 2014); *DeLeon v. Sec'y of Health and Human Servs.*, 734 F.2d 930, 936 (2d Cir. 1984)). In support of her argument, Plaintiff cites *Karabinas*, where the court concluded that, because the ALJ's RFC assessment "did not account for the full spectrum of Plaintiff's limitations," the ALJ's hypothetical questions based on that assessment "were incomplete." 16 F. Supp. 3d at 220 (citing *Pardee v. Astrue*, 631 F. Supp. 2d 200, 211 (N.D.N.Y. 2009) ("If a hypothetical question does not include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability.")). While Plaintiff's recitation of the law is correct, because the Court finds that the RFC here was supported by substantial evidence and adequately accounted for Plaintiff's limitation to simple tasks, there is no basis for concluding that ALJ's hypothetical questions to the VE were incomplete. For the reasons discussed *supra*, any omission of the word "short" from the hypotheticals was immaterial. In addition, Plaintiff cites no case suggesting a limitation to short, simple tasks is inconsistent with reasoning level two, nor is the Court aware of any. The Court accordingly concurs in Magistrate Judge Stewart's analysis on this issue.

---

[3] To the extent Plaintiff objects to Magistrate Judge Stewart's finding that the ALJ's RFC assessment regarding Plaintiff's limitation to simple, routine, and repetitive tasks was supported by substantial evidence in the record, the Court notes that it agrees with Magistrate Judge Stewart. (Dkt. No. 21, at 6–7). The ALJ found Dr. Alexander's consultative examination "mostly persuasive" and concluded that "there was no evidence of limitations in the claimant's ability to understand, remember or apply simple directions and instructions, sustain an ordinary routine and regular attendance at work." (Dkt. No. 8, at 32; *see* Dkt. No. 21, at 7 (citing *Dale A. M. v. Comm'r of Soc. Sec.*, No. 19-cv-1150, 2021 WL 1175160, at *14, 2021 U.S. Dist. LEXIS 59242, at *43 (N.D.N.Y. Mar. 29, 2021) ("[I]t is well settled that a consultative examiner's opinion based on a one-time examination can constitute substantial evidence supporting an ALJ's decision if the record supports it."))). Although Plaintiff's treating provider opined that she was "unable to meet competitive standards in carrying out very short and simple instructions," the ALJ found that opinion "not persuasive." (Dkt. No. 8, at 33).

**2. Conflict between RFC and VE Testimony**

Second, Plaintiff objects to Magistrate Judge Stewart's finding "that the VE testimony did not conflict with the [Dictionary of Occupational Titles (DOT)]." (Dkt. No. 22, at 3).

"[A] VE whose evidence conflicts with the DOT must provide a 'reasonable explanation' to the ALJ for the conflict." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 446 (2d Cir. 2012). Plaintiff's opening brief argued that the ALJ here failed to identify or explain the conflict between the VE's testimony that Plaintiff was able to perform work requiring reasoning level two and Plaintiff's limitation to short and simple tasks. (Dkt. No. 13, at 11–12, 15). However, as Magistrate Judge Stewart explained, because an RFC limitation to "simple, routine, and repetitive" tasks "does not preclude work at reasoning level two," there was no conflict that the ALJ needed to explore. (Dkt. No. 21, at 8).

Magistrate Judge Stewart also addressed Plaintiff's argument that *Charlene G. v. O'Malley*, where the court remanded an ALJ's disability eligibility determination based on an unexplored conflict in the VE's testimony, presented "the same factual scenario as here." (Dkt. No. 13, at 15 (citing No. 24-cv-36, 2024 WL 4956969, at *1, 2024 U.S. Dist. LEXIS 203693, at *1 (N.D.N.Y. Oct. 10, 2024) (Stewart, Mag. J.), *report and recommendation adopted sub nom.*, 2024 WL 4689027, 2024 U.S. Dist. LEXIS 202500 (N.D.N.Y. Nov. 6, 2024)). In *Charlene G.*, the plaintiff's RFC included a limitation to "simple instructions and directions," but the VE testified that the plaintiff was able to carry out reasoning level two jobs, which required "detailed but uninvolved written or oral instructions. *See* 2024 WL 4956969, at *4, 2024 U.S. Dist. LEXIS 203693, at *8–9. The court found remand was required because the ALJ failed to inquire about the conflict. *Id.* Magistrate Judge Stewart rejected Plaintiff's argument, explaining that, unlike the plaintiff in *Charlene G.*—who was limited to following "simple *instructions and directions*," a limitation that conflicts with jobs requiring reasoning level two—Plaintiff is limited to "short

and simple *tasks*," which does not. (Dkt. No. 21, at 8 (quoting 2024 WL 4956969, at *4, 2024 U.S. Dist. LEXIS 203693, at *8–9)).

Plaintiff objects that Magistrate Judge Stewart's Report-Recommendation "negate[d] the relevance of *Charlene G[.]* by relying on the specific limitations involved in that case but ignor[ing] that it stands for requiring discussion or resolution of the DOT conflict with the RFC." (Dkt. No. 22, at 3). However, as discussed, the Court finds that a limitation to short and simple tasks does not conflict with the VE's testimony that Plaintiff could perform reasoning level two jobs, and there was therefore no error in the ALJ's reliance on that VE's testimony without further resolution. Thus, the Court concurs in Magistrate Judge Stewart's analysis.[4]

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 21), is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Commissioner's Motion for Judgment on the Pleadings, (Dkt. No. 19), is **GRANTED**; and it is further

---

[4] Plaintiff also appears to suggest that Magistrate Judge Stewart erred by "determin[ing] his own" reasons why *Charlene G.* does not apply, asserting that the Defendant "gave . . . no reason." (Dkt. No. 22, at 4–5; *see also id.* at 1 ("Despite Defendant failing to address Plaintiff's argument, the Magistrate Judge reaches his own conclusion . . . .")). But the Defendant did address Plaintiff's arguments, (*see* Dkt. No. 19, at 13 (collecting cases finding an RFC for simple work consistent with reasoning levels two and three)), and, in any event, the court has "an independent obligation to apply the correct legal standard." *Brody v. Comm'r of Soc. Sec.*, No. 19-cv-5659, 2021 WL 1390395, at *2 n.1, 2021 U.S. Dist. LEXIS 72412, at *4 n.1 (E.D.N.Y. Apr. 13, 2021) (internal quotation marks omitted).

**ORDERED** that the Complaint, (Dkt. No. 1), is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 22, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge